1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11   PHILIP NOEL JOHNSON,                    )   Case No.: 1:15-cv-01731-JLT
                                             )
12              Petitioner,                  )   FINDINGS AND RECOMMENDATIONS TO
                                             )   DISMISS PETITION FOR WRIT OF HABEAS
13        v.                                 )   CORPUS
                                             )
14   RAFAEL ZUNIGA, Warden,                  )
                                             )   ORDER REQUIRING THAT OBJECTIONS BE
15              Respondent.                  )   FILED WITHIN TWENTY-ONE DAYS
                                             )
16                                           )   ORDER DIRECTING CLERK OF COURT TO
                                             )   ASSIGN DISTRICT JUDGE TO CASE
17

18        In 1997, Petitioner was convicted in the United States District Court for the Middle District of

19   Florida, of one count of money laundering, one count of kidnapping, and one count of interfering with

20   interstate commerce. The petition challenges only the money laundering conviction.. (Doc. 1, p. 6).

21   (Id.).  Toward this end, Petitioner claims his guilty plea was not knowing and intelligent due to his

22   attorney's failure to instruct him of the charges.

23        The Court has determined that Petitioner's claim challenges his original sentence, and

24   therefore, should have been filed in the trial court as a motion pursuant to 28 U.S.C. § 2255.  Thus, the

25   Court recommends that the instant petition be **DISMISSED** for lack of habeas jurisdiction.

26   **I.      DISCUSSION**

27        A federal court may not entertain an action over which it has no jurisdiction. Hernandez v.

28   Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity

1

1    or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or

2    correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988).

3    Only the sentencing court has jurisdiction to consider the petition.  Tripati, 843 F.2d at 1163.  Notably,

4    Title 28 U.S.C. § 2255(e) provides:

5          An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for
        relief by motion pursuant to this section, shall not be entertained if it appears that the applicant
6          has failed to apply for relief, by motion, to the court which sentenced him, or that such court
        has denied him relief, unless it also appears that the remedy by motion is inadequate or
7          ineffective to test the legality of his detention.

8    28 U.S.C. § 2255(e). Thus, Petitioner's allegation that he is actually innocent of the crime of money

9    laundering, is a challenge to the conviction, not to the administration of that sentence.  Thus, the proper

10   vehicle for challenging such a mistake is a motion to vacate, set aside, or correct the sentence pursuant

11   to 28 U.S.C. § 2255, not a habeas corpus petition.

12        A federal prisoner is authorized to seek relief under § 2255 via § 2241 *only* if he can show that

13   the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention."

14   Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299

15   (9th Cir.1997) (*quoting* § 2255).  The Ninth Circuit has recognized that this is a very narrow exception.

16   Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he

17   never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective);

18   Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because

19   Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a

20   prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953

21   (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal

22   treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th

23   Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco,

24   237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking

25   the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is

26   inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  If the petitioner

27   fails to meet that burden, the § 2241 petition must be dismissed for lack of jurisdiction.  Ivy v.

28   Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003),

1    A § 2255 motion is "inadequate or ineffective" if a petitioner is <u>actually innocent</u>, but

2  <u>procedurally barred</u> from filing a second or successive motion under § 2255.  <u>Ivy</u>, 328 F.3d at 1060-

3  1061.  To show this, the petitioner must demonstrate he is "(1) factually innocent of the crime for

4  which he has been convicted and, (2) has never had an 'unobstructed procedural shot' at presenting this

5  claim."  <u>Id</u>. at 1060.   In determining whether a petitioner had an unobstructed procedural shot to pursue

6  his claim, we ask whether petitioner's claim 'did not become available' until after a federal court

7  decision."  <u>Harrison v. Ollison</u>, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied  __ U.S. __, 129 S.Ct.

8  254 (2008).  "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not

9  arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law

10  changed 'in any way relevant' to petitioner's claim after that first § 2255 motion."  <u>Id.</u>, citing <u>Ivy</u>, 328

11  F.3d at 1060-61.  In explaining that standard, the Ninth Circuit stated:

12         In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his
        claim of innocence by motion under 2255.  He <u>*must never have had*</u> the opportunity to
13        raise it by motion.

14  <u>Id</u>. at 1060 (emphasis supplied).

15    Here, Petitioner has not shown he has met the two-part test. Petitioner cannot establish any

16  relevant intervening change in the law following the date of his conviction that would trigger the

17  savings clause, nor has he established that he could not have raise his claim in his original appeal or, at

18  the very least, in a motion pursuant to § 2255 in the sentencing court.  Instead, he argues only that

19  because he cannot *now* bring a motion pursuant to § 2255—because the deadline for doing so has

20  passed—§ 2255 is inadequate and ineffective.  (Doc. 1, p. 7).  As discussed above however, the mere

21  fact that Petitioner can no longer bring a § 2255 petition is irrelevant; he must *never have had* the

22  opportunity; that is clearly not the case.

23    Accordingly, he fails to establish that § 2255 is either inadequate or ineffective for purposes of

24  invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from

25  obtaining relief does not alter that conclusion.  <u>Ivy</u>, 328 F.3d 1059-1061 (§ 2255 not inadequate or

26  ineffective because Petitioner misses statute of limitations); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a

27  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate).

28

3

1        Moreover, Petitioner's claim that he falls within the "savings clause" provision because he is

2    actually innocent of the crime is not supported.   "To establish actual innocence, petitioner must

3    demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would

4    have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (*quoting* Schlup v. Delo, 513

5    U.S. 298, 327-328 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2008).  "[A]ctual

6    innocence means **factual** innocence, **not mere legal insufficiency**," and "in cases where the

7    Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of

8    actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624 (emphasis

9    supplied).  Although the Supreme Court has not provided much guidance regarding the nature of an

10   "actual innocence" claim, the standards announced by the various circuit courts contain two basic

11   features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d 893, 903

12   (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th Cir. 1998);

13   Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997);

14   In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

15       The "core idea" expressed in these cases is that the petitioner may have been imprisoned for

16   conduct that was not prohibited by law. Reyes-Requena, 243 F.3d at 903.  Such a situation is most

17   likely to occur in a case that relies on a Supreme Court decision interpreting the reach of a federal

18   statute, where that decision is announced after the petitioner has already filed a § 2255 motion.  This is

19   so because a second or successive § 2255 motion is available only when newly discovered evidence is

20   shown or a "new rule of *constitutional* law, made retroactive to cases on collateral review by the

21   Supreme Court, that was previously unavailable." Id. (emphasis supplied).  Because  § 2255 limits a

22   second or successive petition to Supreme Court cases announcing a new rule of constitutional law, it

23   provides no avenue through which a petitioner could rely on an intervening Court decision based on the

24   substantive reach of a federal statute under which he has been convicted. Id.; see Lorentsen, 223 F.3d

25   at 953 ("Congress has determined that second or successive [§ 2255] motions may not contain statutory

26   claims"); Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000) ("The savings clause has

27   most often been used as a vehicle to present an argument that, under a Supreme Court decision

28   overruling the circuit courts as to the meaning of a statute, a prisoner is not guilty…The savings clause

1    has to be resorted to for [statutory claims] because Congress restricted second or successive petitions to

2    constitutional claims."). Obviously, "decisions of [the Supreme Court] holding that a substantive

3    federal criminal statute does not reach certain conduct…necessarily carry a significant risk that a

4    defendant stands convicted of 'an act that the law does not make criminal.'" Bousley, 523 U.S. at 620.

5    To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of

6    justice." Davis v. United States, 417 U.S. 333, 346 (1974).

7        That is not the situation in this case. Petitioner pleaded guilty to money laundering but now

8    contends that his guilty plea was not knowing and voluntary because he was not fully apprised of the

9    true nature of the charges by his attorney. (Doc. 1, p. 9). Petitioner argues that he placed the laundered

10   money into a certain bank account not for the purpose of concealing or disguising it as the statute

11   requires, but merely to keep it from being stolen and to accrue interest on the sum while it was in the

12   account. (Doc. 1, p. 9).

13       As is clear from the cases cited earlier, such allegations, even if true, fail to show actual (i.e.,

14   factual) innocence. Petitioner's argument, i.e., that his plea was not knowing and voluntary, even if

15   true, in no way is probative of actual innocence. It is well established that a plea that is not knowing

16   and not voluntary is legally unsound. However, the fact that a plea may be unknowing and involuntary

17   does not establish the accused's innocence. It merely impugns the process of accepting a guilty plea.

18   Certainly, a factually guilty person can plead guilty in a manner that would not be knowing and

19   voluntary. The two concepts, which Petitioner here conflates, are entirely distinct from each other. For

20   purposes of the savings clause, the issue of whether Petitioner's plea was knowing and voluntary is

21   irrelevant. Petitioner must establish factual innocence; he has not done so. Thus, Petitioner has failed

22   to show that he is entitled to proceed under § 2241. Accordingly, this Court lacks habeas jurisdiction

23   and the petition should be dismissed  In sum, should Petitioner wish to pursue his claims in federal

24   court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28

25   U.S.C. § 2255.[1]

26

27   _____
     [1]A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*.
     In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Middle District of
28   Florida. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 19, 2015**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

6